| | |
|---|---|
| DISTRICT COURT, KIT CARSON COUNTY, STATE OF COLORADO<br>251 16th Street, Suite 301<br>Burlington, CO 80807 | DATE FILED: January 13, 2017 3:18 PM<br>FILING ID: A1436619640F2<br>CASE NUMBER: 2017CV30002 |
| **PLAINTIFFS:** BRUCE C. CORYELL, CO-TRUSTEE, DEANNA L. CORYELL, CO-TRUSTEE ;<br><br>v.<br><br>**DEFENDANTS:** MARK ALAN FAULKNER, AN INDIVIDUAL, FAULKNER REAL ESTATE, INC., A KANSAS CORPORATION. | **COURT USE ONLY** |
| *Attorneys for Plaintiffs*<br>Max S. Stich, #36782<br>Lawrence A. VandenBout #47449<br>TIEMEIER & STICH, P.C.<br>1000 E. 16th Ave.<br>Denver, CO 80218<br>Phone: (303) 531-0022<br>Email: mstich@tslawpc.com<br>          lvandenbout@tslawpc.com | Case Number:<br><br>Division         Courtroom |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiffs, Bruce C. Coryell and Deanna L. Coryell, co-trustees, through their attorneys, allege the following as their complaint against the Defendants:

1. Plaintiffs Bruce C. Coryell and Deanna L. Coryell are co-trustees of the Bruce Charles Coryell 2013 Revocable Trust, an Oklahoma trust.

2. Plaintiffs, as co-trustees, were the owners of the real property located in Kit Carson County, Colorado, described as:

> East-half (E/2) of Section 27, less parcels 1, 2 and 3 described in warranty deed dated January 7, 2013, at reception no. 201300562101, Township 8 South, Range 43 West of the Sixth P.M.

The above real property is referred to as the "Property".

Exhibit C

3. Mark Alan Faulkner ("Faulkner") holds himself out as a real estate expert, and is licensed by the Colorado Division of Real Estate to act as a real estate broker involving Colorado transactions.

4. Faulkner is a principal in the Kansas corporation identified as Faulkner Real Estate, Inc. Faulkner Real Estate, Inc. is referred to as "FRE."

5. This Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124 (a) and (b).

6. Venue is proper before this Court pursuant to C.R.C.P. 98(a) and (c) as the torts and breaches of duties occurred in Kit Carson County.

7. In January 2015, Plaintiffs hired Faulkner and FRE to represent them in efforts to sell the Property. Specifically, pursuant to an Exclusive Right-To-Sell Listing Contract, dated January 20, 2015, Plaintiffs hired Faulkner and FRE to provide brokerage services, as the Plaintiffs' agent, related to the Property.

8. On February 20, 2015, Faulkner drafted a contract to sell the Property to Dennis Coryell and Debra Coryell (the "First Contract"). Dennis and Debra Coryell signed the First Contract on February 23, 2015. Dennis Coryell and Debra Coryell are referred to as the "Buyers."

9. The signed First Contract was delivered to Kit Carson County Abstract Company on February 23, 2015. The Buyers did not tender the earnest money check of $120,000 with the Fist Contract as required by section 4. Section 21 of the First Contract provides that time is of the essence and the Buyers' failure to tender earnest money when due would be an act of default. According to section 21.1.1 of the First Contract, if the buyer is in default, "Seller may elect to treat this Contract as canceled, in which case all Earnest Money (whether or not paid by Buyer) will be paid to Seller and retained by Seller; and Seller may recover such damages as may be proper; or Seller may elect to treat this Contract as being in full force and effect and Seller has the right to specific performance or damages, or both." Section 25.2 further provides, "In the event this Contract is terminated, all Earnest Money received hereunder will be returned and the parties are relieved of all obligations hereunder, subject to §§10.4 ['Damage, Liens and Indemnity'], 22 ['Legal Fees, Cost and Expenses'], 23 [a stricken provision concerning 'Mediation'], and 24 ['Earnest Money Dispute']." Section 26 states, "Any right or obligation in this Contract that, by its terms, exists or is intended to be performed after termination or Closing survives the same."

10. After more than seven days after Buyers' execution of the First Contract, Plaintiffs' through Faulkner, provided Buyers notice that the First Contract was cancelled because Buyers' failure to deposit the required earnest money deposit.

11. Shortly after Faulkner communicated the notice of termination of the First Contract, Faulkner was contacted by a representative of Coryell Farms, LLLP. Coryell Farms, LLLP had a first right of refusal related to the Property, and expressed its interest in

purchasing the Property.  Dennis Coryell and Debra Coryell were general partners of Coryell Farms LLLP.

12. In response to the inquiry, Faulkner then drafted a contract to sell the Property to Coryell Farms, LLLP, dated March 3, 2015 (the "Second Contract").  The Second Contract was transmitted to Coryell Farms, LLLP with a letter drafted by Faulkner that addressed the First Contract.  The letter Faulkner drafted included the following language:

> After much discussion with Bruce and Deanna Coryell they have instructed me to forward you a copy of the original agreement between Dennis W. Coryell and Deborah L. Coryell and Bruce C. Coryell Revocable Trust as well as an agreement between Coryell Farms, LLLP and Bruce C. Coryell Revocable Trust Bruce C. Coryell Revocable Trust.
>
> It is Bruce and Deanna's understanding that the earnest money was not deposited in accordance with the terms of the original agreement and is therefore null and void with no further force or effect. The agreement between Coryell Farms, LLLP and Bruce C. Coryell Revocable Trust was prepared in an effort to comply with the Lessee's Preemption and Right of First Refusal as required by the existing Irrigated Farm Lease Agreement.
>
> If Coryell Farms, LLLP wish to exercise the Right of First Refusal, Bruce and Deanna request that the contract [dated March 3, 2015] be executed by the Buyer and the earnest money, in the form of certified funds, be deposited with Kit Carson County Abstract no later than March 4, 2015 at 5:00 pm MST.

This letter drafted by Faulkner is referred to as the "Cancellation Letter."

13. Plaintiffs signed the Second Contract on March 6, 2015.  Dennis Coryell and Deborah Coryell signed the Second Contract as "G.P." for Coryell Farms, LLLP on March 9, 2015, and eventually tendered an earnest money check dated March 9, 2015 from Coryell Farms, LLLP in the amount of $120,000.00 to Kit Carson County Abstract.

14. The agreed closing date for the First and Second Contract was April 15, 2015.

15. Plaintiffs traveled from Oklahoma to Burlington, Colorado to attend the closing.  On the morning of April 15, 2015, Coryell Farms, LLLP submitted a letter purporting to object to title of the Property, and refused to close.

16. Plaintiffs appeared for closing at Kit Carson County Abstract Company on April 15, 2015, at 1:30 p.m.  Coryell Farms, LLLP did not attend the closing.

17. On June 25, 2015, Coryell Farms, LLLP, through counsel, gave notice to Plaintiffs' attorney demanding termination of the Second Contract and release of the earnest

money payment held by Kit Carson County Abstract Company.  Plaintiffs rejected that demand, through counsel, on July 10, 2015.

18. Plaintiffs filed a lawsuit in Kit Carson County District Court against the Buyers and Coryell Farms, LLLP on August 12, 2015.  The lawsuit included claims for damages for breach of the First Contract and specific enforcement and damages related to the Second Contract.

19. After the case was at issue the Plaintiffs, Buyers and Coryell Farms, LLLP agreed to close on the Second Contract, thereby rendering claims for specific performance moot.

20. On September 29, 2015, cross motions for summary judgment were filed.  One of the issues posed for summary disposition involved the First Contract.  Plaintiffs asserted that they were entitled to entry of summary judgment in their favor on the breach of contract and liquidated damage claims related to the First Contract.  They argue that the Buyers committed a breach of contract by failing to tender earnest money when the First Contract was signed and delivered to the closing agent.  Plaintiffs' claimed that they were entitled to a judgment against Buyers in the amount of the earnest money required by the First Contract, *i.e.*, $120,000.  In response, Buyers argued that Plaintiffs were estopped from asserting a breach of the First Contract due to mutual rescission, barred from recovery because of Plaintiffs failure to satisfy a condition precedent *(i.e.,* compliance with the right of refusal contained in the farm lease), and barred from recovery due to novation or merger of the First Contract into the Second Contract.

21. In ruling on the Plaintiffs' motion for summary judgment, the Court made a finding of fact that Mr. Faulkner was acting as the Plaintiffs' agent, that Mr. Faulkner conveyed an offer to rescind the February contract and enter into a new contract that would completely replace the First Contract, and that the Cancellation Letter unequivocally expressed an intention to treat the First Contract as "null and void with no further force or effect."

22. The result of the Court's summary judgment Order prevented Plaintiffs' from recovering the First Contract earnest money deposit of $120,000.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE AGAINST FAULKNER

23. Each of the above allegations are incorporated herein by reference.

24. In agreeing to act as the real estate agent for the Plaintiffs, Mr. Faulkner owed each of them duties of competence, fair play and other obligations described by Colorado statutes and other rules and regulations promulgated by the Colorado Real Estate Commission.  Mr. Faulkner, by his actions and failure to act, failed to meet the duties that applied to him under the above described circumstances.

25.     Despite breaching his duties to the Plaintiffs, Mr. Faulkner collected a $35,000 commission at closing.

26.     Plaintiffs have been damaged as a result of Mr. Faulkner's failure to meet the duties and obligations, which he owed to the Plaintiffs.

## SECOND CLAIM FOR RELIEF
### NEGLIGENCE PER SE

27.     Each of the above allegations are incorporated herein by reference.

28.     The acts and omissions of Mr. Faulkner described above establish clear evidence of violations of the Colorado statutes and rules and regulations promulgated by the Colorado Real Estate Commission.  Specifically, Mr. Faulkner's actions and failure to act represent violations of Colorado Real Estate Commissions rule and number E-14, Commission Position CP-41, and C.R.S. §12-61-804.

28.     The act of Mr. Faulkner of interpreting a legal contract and communicating such interpretation, on behalf of the Plaintiffs, represents the practice of law.

29.     C.R.S. §12-5-112 prohibits a person from practicing law in Colorado without a license issued by the Colorado Supreme Court.  Mr. Faulkner does not have a Colorado law license.

30.     Despite violating the above statutes, rules and regulations, Mr. Faulkner collected a $35,000 commission at closing.

31.     Plaintiffs have been damaged as a result of the violation by Mr. Faulkner of the above described statutes, rules and regulations.

## THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT AGAINST FAULKNER REAL ESTATE, INC. AND FAULKNER

32.     Each of the above allegations are incorporated herein by reference.

33.     Plaintiffs and FRE are parties to the Exclusive Right-to-Sell Listing Contract dated January 20, 2015 (the "Listing Agreement").

34.     Pursuant to the Listing Agreement, Mr. Faulkner was required to perform a number of duties, which included the following:

   (a)     Broker shall exercise reasonable skill and care for Seller.

   (b)     Broker was required to advise Sellers regarding the transaction and advise Sellers to obtain expert advice as to material matters about which

>Broker knows but which the specifics are beyond the expertise of the Broker.

>(c) Promote the interest of the Sellers with the utmost good faith, loyalty and fidelity.

>(d) Counsel the Sellers as to any material benefits or risks of the transaction that are actually known by the Broker.

35. Mr. Faulkner has breached the above terms and conditions of the Listing Agreement.

36. Despite breaching the terms of the Listing Agreement, Mr. Faulkner collected a $35,000 commission at closing.

37. Mr. Faulkner's breach of the above identified terms of the Listing Agreement has caused the Plaintiffs damages, which damages continue to accrue.

## FOURTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

36. Each of the above allegations are incorporated herein by reference.

38. At the invitations of Mr. Faulkner, the Plaintiffs placed trust and confidence in Mr. Faulkner with respect to the sale of the Property. This trust was reasonable and appropriate as it was done at the invitation of Mr. Faulkner.

39. Mr. Faulkner accepted the trust and confidence of Plaintiffs, and in fact profited from their agreement to use him as their agent and trusted advisor.

40. Mr. Faulkner acted as a fiduciary for Plaintiffs with respect to the sale of the Property.

41. Despite breaching his fiduciary duties, Mr. Faulkner collected a $35,000 commission at closing.

42. Mr. Faulkner has breached his fiduciary duties owed to the Plaintiffs based on the conduct described above, which breach has caused the Plaintiffs to suffer damages.

## FIFTH CLAIM FOR RELIEF
## RESPONDEAT SUPERIOR

43. Each of the above allegations are incorporated herein by reference.

44. At all times relevant to the matters set forth above, Mr. Faulkner was acting as an authorized, disclosed employee and/or agent and representative of Faulkner Real Estate, Inc.

45. All of Mr. Faulkner's acts and omissions detailed above were done within the course and scope of his affiliation as an agent, employee and representative of Faulkner Real Estate, Inc.

46. Faulkner Real Estate, Inc. is liable for all acts and omissions of Mr. Faulkner described above, and the resulting damages.

WHEREFORE, Plaintiffs Bruce C. Coryell and Deanna L. Coryell, as co-trustees of the Bruce Charles Coryell 2013 Revocable Trust, having alleged the above claims against the Defendants Mark Alan Faulkner and Faulkner Real Estate, Inc., move this Court to enter judgment against Defendants and to award Plaintiffs actual, consequential and special damages in an amount to be determined at trial, together with costs, attorney fees, pre-judgment interest, and such other relief as is appropriate for these circumstances.

### PLAINTIFFS DEMAND A JURY TRIAL

Dated: January 13, 2017.

Respectfully submitted,

**TIEMEIER & STICH, P.C.**

By:   */s/ Max S. Stich*
       Max S. Stich, #36782
       Lawrence A. VandenBout #47449

*Attorneys for Plaintiffs*

*Original signature on file at the offices of Tiemeier & Stich, P.C.*

Bruce C. Coryell and Deanna L. Coryell
Co-Trustees of the Bruce Charles Coryell 2013 Revocable Trust
104 Sonoma Court
Stephen City, VA 22655